## The Grand v. The Chicago Daily News Co.

1. Practice—*Recovery Under the Common Counts.*—A recovery may be had under the common counts where nothing remains to be done but the payment of the money claimed to be due.

Assumpsit.—Error to the Superior Court of Cook County. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed November 20, 1900.

BINSWANGER & JACKSON, attorneys for plaintiff in error.

JOHN J. SYMES, attorney for defendant in error.

MR. JUSTICE HORTON delivered the opinion of the court.

This suit was commenced by defendant in error to recover from plaintiff in error for certain advertising in the Chicago Daily News. In January, 1897, the following contract was made.:

"CHICAGO, June 1, 1896.

THE GRAND COMPANY,
State and Adams.

I propose to publish for you in the Chicago Daily News during one year from date, subject to the conditions on the back hereof, your displayed advertisements, as you may from time to time order, aggregating at the net price not less than sixteen thousand dollars ($16,000) during the year, at thirty cents per agate line of space per insertion, less forty per cent discount, making the net price per agate line of space per insertion eighteen (18) cents. Bills to be paid at the end of each month at the office of the Daily News.

S. R. WELLS.

This proposition must be accepted by both the advertiser and the publisher of the Chicago Daily News to constitute an agreement."

Among the conditions on the reverse side of the contract is the following :

"It is expressly understood and agreed to by the advertiser that the reduced price at which this contract is made is based upon the condition that the advertiser shall use advertising to the net value of at least sixteen thousand dollars ($16,000) during the year. If at the end of the year it shall appear that the advertiser has not used the amount named, the advertiser shall be entitled on the whole amount of advertising done during the year herein specified, to only such a discount as shall correspond on the Daily News schedule of advertising rates, to the amount of money actually used by the advertiser during the year, and in such an event the advertiser agrees to pay to the publisher such an increase in price on all the advertising done.

This proposal was accepted by the parties hereto and is

conceded to be the contract between them.    It was dated back to June 1, 1896, and was intended to supersede and take the place of another contract between the same parties which bore that date.    The first contract was like the second except that it provided for $6,912.99 worth of advertising instead of $16,000 worth and that the net price was twenty-two and one-half cents per agate line for each insertion instead of eighteen cents.    By the conditions and schedule of advertising rates on the back of said contract and made a part thereof, it appears that the net price depended upon the amount of advertising.

At the time the second contract was executed defendant in error allowed to plaintiff in error a rebate of four and one-half cents per line (the difference in the net price fixed by the two contracts) upon all the advertising done under the first contract, prior to the time the second contract was executed.    That rebate amounted to $986.87.

It is contended by plaintiff in error that at the time said second contract was entered into it was understood that plaintiff in error was about to transfer its business to a corporation known as the Simmons Company, and that that company would assume and perform said contract instead of plaintiff in error.    It is also claimed by plaintiff in error, in effect, that defendant in error accepted said Simmons Company as the party to said second contract.

A jury was waived and the case submitted to the trial judge who found the issues for the defendant in error and assessed the damages at $986.87, and entered judgment thereon, that being the exact amount allowed to plaintiff in error as rebate as above stated.

The declaration contained only the common counts, and counsel for plaintiff in error argue that the recovery in this case is not proper under that declaration.    In support of this contention counsel cite Burnham v. Roberts, 70 Ill. 24, where it is held in substance that no recovery can be had under the common counts unless nothing remains to be done but the payment of money.    The advertising under the second contract did not amount to $16,000.    Plaintiff in error

was not, therefore, entitled, by the terms of that contract, to the net rate provided for therein. But said rebate was allowed upon the condition that the total amount of at least $16,000 worth of advertising was to be furnished by plaintiff in error. The term provided by the contract had expired before this suit was commenced. Nothing more remained to be done but the payment of the balance, if any, due for advertising. Defendant in error claimed it was entitled to recover under the provisions of said contract, considering the amount of advertising furnished, at the rate of six (6) cents per line in addition to the amount paid. But the court allowed, and gave judgment for, the balance due at four and one-half cents per line, that being the amount allowed as rebate as aforesaid.

Counsel for plaintiff in error in their brief say :

" It must be true that The Grand's direct liability to pay for advertising under this contract ceased when the contract was turned over to and assumed by the Simmons Company."

We do not understand that to be the law. It does not appear that defendant in error consented in any manner to release the plaintiff in error from its liability under the contract. The Simmons Company furnished advertising which was done by defendant in error. There is a conflict in the testimony as to whether this was done under the contract. But even if it was, that does not release the plaintiff in error from its direct liability for advertising done prior to the sale of the business of plaintiff in error to the Simmons Company.

The only reason apparent for crediting plaintiff in error with the amount of the rebate mentioned was the performance of the second contract by or on the part of the plaintiff in error. But as that contract was not so performed there is no reason shown why plaintiff in error should be entitled to be credited with the amount of said rebate.

There was no error in finding that recovery could be had in this case under the common counts.

Much testimony was offered for the purpose of showing

Martin v. C. & N. W. Ry. Co.

that the Simmons Company paid the defendant in error for all the advertising it had done, and that defendant in error obtained a judgment against that company for the full amount due to it. · There is much confusion and complication in the accounts and we shall not attempt to here discuss them in detail. After a careful examination we are satisfied that the finding of the learned and experienced trial judge is correct and should be sustained.

Referring to the propositions of law presented to the trial court which that court refused to hold, counsel for plaintiff in error in their brief say : "The court below clearly misconceived the legal principles applicable to this case."

There are several pages of such propositions. They are substantially like a volume of instruction put into the form of "propositions of law." They refer mainly to questions of fact. The trial judge very properly marked all of them "refused." It is not the purpose of the statute to require the court to pass, in this manner, upon questions of fact. It is only propositions of law that the court is required to consider and mark "held" or "refused." It does not appear that the trial judge "misconceived the legal principles applicable to this case," but rather that the counsel have misconceived the scope and purpose of propositions of law provided for by the statute.

Perceiving no substantial error in the record the judgment of the Superior Court is affirmed.